# EXHIBIT B

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Geraldine J Young</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>Ramya Garlapati, Ashvin Garlapati, RT FAMILY, LLC,</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

    <u>17</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Kertch J Conze</u>          Fla. Bar # <u>233020</u>
        Attorney or party                (Bar # if attorney)

<u>Kertch J Conze</u>             <u>08/25/2023</u>
 (type or print name)          Date

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

GERALDINE YOUNG,

      Plaintiff,

v.                                     Case No.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

      Defendants.

_____/

## COMPLAINT

    Plaintiff, GERALDINE YOUNG, by and through the undersigned counsel, hereby sues

RAMYA GARLAPATI, ASHVIN GARLAPATI, and RT FAMILY, LLC, and alleges as

follows:

### JURISDICTION AND VENUE

1. This is an action for damages that exceed the sum of FIFTY THOUSAND DOLLARS

    ($50,000.00), exclusive of costs, interest and attorneys' fees. The estimated value of

    Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this

    Court. Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the

    "estimated amount of the claim" as required in the preamble to the civil cover sheet for

    jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated

    "amount of claim" be set forth in the civil cover sheet for data collection and clerical

    purposes only). The actual value of Plaintiff's claim will be determined by a fair and just

    jury in accordance with Article 1, Section 21, Fla. Const.

2. Venue is proper in Miami-Dade County, Florida pursuant to Fla. Stat. § 47.011.

3. Plaintiff GERALDINE YOUNG ("Plaintiff" or "Ms. Young") is a resident of Miami-Dade County, Florida, of age 18 or over, and is otherwise *sui juris*.

4. Defendant RAMYA GARLAPATI is a resident of Miami-Dade County, Florida, of age 18 or over, and is otherwise *sui juris*.

5. Defendant ASHVIN GARLAPATI is a resident of Miami-Dade County, Florida, of age 18 or over, and is otherwise *sui juris*.

6. RT FAMILY, LLC is a Florida Limited Liability Company with a principal address in Miami-Dade County, Florida.

7. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.


## GENERAL ALLEGATIONS

8. Ms. Young is a professional nanny with approximately thirty (30) years of experience in her profession.

9. Ms. Young does not use marijuana or any illegal drugs.

10. While living in Atlanta, Georgia, Ms. Young was hired by RAMYA GARLAPATI and ASHVIN GARLAPATI (together, the "Garlapatis" or "Garlapati family") through a nanny employment agency, Westside Nannies, to work as a nanny to care for the Garlapatis' young, minor child.

11. Ms. Young and the Garlapatis entered into an employment agreement ("First Agreement"), which is hereby incorporated into this Complaint by attachment as "Exhibit A."

2

12. Under the First Agreement, Ms. Young was to work for the Garlapati family at the rate of $40.00 per hour for forty (40) hours per week, and her hours were to be from 8:00am to 5:00pm.

13. Under the First Agreement, the Garlapatis agreed to provide various employment benefits to Ms. Young, which included a $250 per month stipend to assist with her healthcare costs, 15 days of paid vacation, sick days, and others.

14. The Garlapatis also agreed to provide housing to Ms. Young during the term of the First Agreement.

15. Ms. Young's start date under the First Agreement was March 14, 2022. The term was one year, renewable each year.

16. The Garlapatis know that in order to perform under the First Agreement, Ms. Young would have to relocate from Atlanta, Georgia to Miami, Florida on or before March 14, 2022.

17. The First Agreement required thirty (30) days' notice to terminate the employment arrangement.

18. Ms. Young relocated from Atlanta, Georgia to Miami, Florida.

19. Ms. Young started her employment as agreed upon under the First Agreement on March 14, 2022.

20. After she had relocated and at or around the time she began her employment with the Garlapatis, the Garlapatis required Ms. Young to sign an employment agreement ("Second Agreement") with RT FAMILY, LLC as a condition of her continued employment.

21. Ms. Young signed the Second Agreement because she had already relocated to Miami, Florida and had relinquished her housing arrangements in Atlanta, Georgia.

22.  In early April 2022, the Garlapatis took a trip to Las Vegas, Nevada.

23. Ms. Young travelled with the Garlapatis to Las Vegas in order to perform her employment duties and to care for the Garlapatis' minor child during the trip.

24. The Garlipatis stayed at the Sahara Hotel in Las Vegas during the trip to Las Vegas.

25. Ms. Young cared for the Garlapatis' minor child during her assigned hours, and then continued to stay with and care for the minor child while the Garlapatis were absent into the evening hours. The Garlapatis had not informed Ms. Young that they would be gone for such extended hours, and Ms. Young was unable to leave, take breaks, or eat meals during the Garlapatis' uncommunicated absence.

26. On or about April 9, 2022 and while still in Las Vegas, the Garlapatis informed Ms. Young that they would be terminating her employment. While the actual reasons for the termination are unknown, the Garlapatis stated at that time that they needed to "cut their losses."

27. The Garlapatis terminated Ms. Young's lodging in Las Vegas, booked Ms. Young a flight back to Miami, Florida and cancelled her lodging arrangements in Miami, Florida, leaving Ms. Young homeless.

28. It was later found that the Garlapatis fabricated a false reason for their termination of Ms. Young in order to terminate her immediately and withhold her promised pay. The false and fabricated reason they created was that Ms. Young had been discovered in the Garlapatis' hotel room at the Sahara Hotel doing drugs (particularly, marijuana) in the

presence of their minor child while the child was in Ms. Young's care and that Ms. Young had exposed the child to COVID.

29. The Garlapatis published false and fabricated statements to third parties.

30. In order to contact Ms. Young's lodging arrangements in Miami, Florida, the Garlapatis reached out to the Airbnb host with whom they had booked Ms. Young's lodging – Janelle Forbes – and informed Ms. Forbes that they needed to cancel their booking because Ms. Young had been doing drugs while on the job and in the presence of their minor child while caring for the child.

31. Ms. Forbes informed the Garlapatis that, unfortunately, the alleged drug use by their nanny was not a permitted reason to cancel their booking.

32. Upon being informed that they did not have sufficient cause to terminate their booking, Ms. Garlapati asked Ms. Forbes what would constitute sufficient cause to cancel their booking.

33. Ms. Forbes informed Ms. Garlapati that events such as COVID would allow for cancellation.

34. Ms. Garlapati informed Ms. Forbes that she intended to tell Airbnb that Ms. Young had COVID.

35. Ms. Garlapati informed Airbnb that Ms. Young had COVID and had intentionally exposed their minor child to COVID by direct contact while caring for the minor child.

36. The statements that Ms. Young had COVID and had intentionally exposed their minor child to COVID were false.

37. Through information and belief, Ms. Garlapati provided false documentation to Airbnb stating that Ms. Young had COVID.

38. The documentation provided to Airbnb was false.

39. The Garlapatis communicated false statements to third parties – to include Westside Nannies, Heidi Liberman, and Janelle Young – that Ms. Young had been observed doing drugs in the presence of their minor child in their hotel room at the Sahara Hotel and had exposed their minor child to COVID.

40. Through their agents, the Garlipatis implied to Ms. Young's employment references that Ms. Young was doing marijuana and illegal drugs.

41. The Garlapatis withheld Ms. Young's final month of pay until Ms. Young acquired counsel and threatened litigation, and attempted to use the withheld pay to coerce Ms. Young into signing a release as to her claims against the Garlapatis and RT Family, LLC.

42. As of the drafting of this Complaint, the Garlipatis have not paid Ms. Young for all of her hours worked, to include the week of March 14, 2022 and her evening and overtime hours.

## **COUNT I – FOR RESCISSION OF CONTRACT WITH RT FAMILY**

43. Plaintiff, GERALDINE YOUNG, realleges and incorporates by reference paragraphs 1-42 of this Complaint.

44. Plaintiff contracted with the Garlapatis to provide child care services and relocated to Florida from Atlanta, Georgia for that purpose.

45. After Plaintiff's arrival in Florida and after relinquishing her residence in Georgia, the Garlapatis coerced Plaintiff into signing an employment contract with RT FAMILY by threatening homelessness and unemployment and by threatening to withhold Plaintiff's earnings.

46. The circumstances of the formation of the contract with RT FAMILY were unconscionable, constituted duress, and breached the Garlapatis' duty of good faith and fair dealing.

47. The circumstances are such that rescission of the contract with RT FAMILY and reversion to the contract with the Garlapatis would be just and proper.

48. There is no adequate remedy at law.

WHEREFORE the Plaintiff, GERALDINE YOUNG, prays for the rescission of the contract with Defendant, RT FAMILY, and reversion to the employment contract with Defendants ASHVIN GARLAPATI and RAMYA GARLAPATI.

## COUNT II – FOR BREACH OF CONTRACT BY THE GARLAPATIS

49. Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

50. There existed between the Plaintiff and the Garlapatis a valid and enforceable contract.

51. Under the terms of the contract, the Garlapatis agreed to pay Plaintiff a set rate of pay per hour of her services.

52. The Garlapatis breached the contract by failing to pay Plaintiff for all earnings for all hours worked under the terms of the contract and intentionally made false accusations in order to terminate the contract with the Plaintiff.

53. Plaintiff has incurred damages as a result of the Garlapatis' breach of the contract.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendants, ASHVIN GARLAPATI and RAMYA GARLAPATI, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT III, IN THE ALTERNATIVE TO COUNTS I AND II – FOR BREACH OF CONTRACT BY RT FAMILY

54. Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

55. There existed between the Plaintiff and the RT FAMILY a valid and enforceable contract.

56. Under the terms of the contract, RT FAMILY agreed to pay Plaintiff a set rate of pay per hour of her services.

57. RT FAMILY breached the contract by failing to pay Plaintiff for all earnings for all hours worked under the terms of the contract and intentionally made false accusations in order to terminate the contract with the Plaintiff.

58. Plaintiff has incurred damages as a result of RT FAMILY's breach of the contract.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RT FAMILY, LLC, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT IV – FOR DEFAMATION BY RAMYA GARLAPATI VIA STATEMENT MADE TO JANELLE YOUNG

59. Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

60. Defendant RAMYA GARLAPATI published false statements to a third party, Janelle Young.

61. Defendant RAMYA GARLAPATI stated to Janelle Young that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

62. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

63. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

64. Defendant RAMYA GARLAPATI stated to Janelle Young that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

65. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

66. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RAMYA GARLAPATI, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT V – FOR DEFAMATION BY RAMYA GARLAPATI VIA STATEMENT MADE TO WESTSIDE NANNIES

67. Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

68. Defendant RAMYA GARLAPATI published false statements to a third party, Westside Nannies.

69. Defendant RAMYA GARLAPATI stated to Westside Nannies that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

70. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

71. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

72. Defendant RAMYA GARLAPATI stated to Westside Nannies that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

73. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

74. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RAMYA GARLAPATI, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## **COUNT VI – FOR DEFAMATION BY RAMYA GARLAPATI VIA STATEMENT MADE TO AIRBNB**

75. Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

76. Defendant RAMYA GARLAPATI published false statements to a third party, AirBNB.

77. Defendant RAMYA GARLAPATI stated to AirBNB that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

78. The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

79. The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

80. Defendant RAMYA GARLAPATI stated to AirBNB that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

81. The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

82. The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RAMYA GARLAPATI, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

### COUNT VII – FOR DEFAMATION PER SE BY RAMYA GARLAPATI VIA STATEMENT MADE TO JANELLE YOUNG

83. Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

84. Defendant RAMYA GARLAPATI published false statements to a third party, Janelle Young.

85. Defendant RAMYA GARLAPATI stated to Janelle Young that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

86. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

87. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

88. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

89. Defendant RAMYA GARLAPATI stated to Janelle Young that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

90. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

91. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

92. The statement by Defendant RAMYA GARLAPATI to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RAMYA GARLAPATI, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT VIII – FOR DEFAMATION PER SE BY RAMYA GARLAPATI VIA STATEMENT MADE TO WESTSIDE NANNIES

93. Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

94. Defendant RAMYA GARLAPATI published false statements to a third party, Westside Nannies.

95. Defendant RAMYA GARLAPATI stated to Westside Nannies that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

96. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

97. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

98. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

99. Defendant RAMYA GARLAPATI stated to Westside Nannies that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

100. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

101. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

102. The statement by Defendant RAMYA GARLAPATI to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

14

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the

Defendant, RAMYA GARLAPATI, in an amount in excess of Fifty Thousand ($50,000)

Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT IX – FOR DEFAMATION PER SE BY RAMYA GARLAPATI VIA STATEMENT MADE TO AIRBNB

103.     Plaintiff realleges and incorporates by reference paragraphs 1-42 of this

Complaint.

104.     Defendant RAMYA GARLAPATI published false statements to a third party,

Westside Nannies.

105.     Defendant RAMYA GARLAPATI stated to AirBNB that Plaintiff had used

illegal drugs in the presence of her minor child while working under her employment to

care for that minor child.

106.     The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff

had used illegal drugs in the presence of her minor child while working under her

employment to care for that minor child) was false.

107.     The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff

had used illegal drugs in the presence of her minor child while working under her

employment to care for that minor child) caused damages to Plaintiff.

108.     The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff

had used illegal drugs in the presence of her minor child while working under her

employment to care for that minor child) was directly related to Plaintiff's fitness for

employment in her chosen profession.

109.     Defendant RAMYA GARLAPATI stated to AirBNB that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

110.     The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

111.     The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

112.     The statement by Defendant RAMYA GARLAPATI to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RAMYA GARLAPATI, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.


## COUNT X – FOR CIVIL CONSPIRACY BY ASHVIN GARLAPATI VIA AND RAMYA GARLAPATI

113.     Plaintiff realleges and incorporates by reference paragraphs 1-112 of this Complaint.

114.     Through information and belief, Defendants, ASHVIN GARLAPATI and RAMYA GARLAPATI, conspired to defame and slander Plaintiff, GERALDIN

YOUNG, to include acts constituting defamation per se, in order to cancel and AirBNB

booking and terminate the employment contract(s) as alleged in Counts I-IX of this

Complaint.

115.     In furtherance of the conspiracy, Defendants committed the following overt acts:

    a.   Defendant, RAMYA GARLAPATI knowingly made a false statement to Janelle Young that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

    b.   Defendant, RAMYA GARLAPATI knowingly made a false statement to Janelle Young that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

    c.   Defendant, RAMYA GARLAPATI knowingly made a false statement to Westside Nannies that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

    d.   Defendant, RAMYA GARLAPATI knowingly made a false statement to Westside Nannies that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

    e.   Defendant, RAMYA GARLAPATI knowingly made a false statement to AirBNB that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

    f.   Defendant, RAMYA GARLAPATI knowingly made a false statement to AirBNB that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

116.     Plaintiff, GERALDINE YOUNG, has been damaged by the acts performed

pursuant to the conspiracy between RAMYA GARLAPATI and ASHVIN GARLAPATI.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the

Defendants, ASHVIN GARLAPATI and RAMYA GARLAPATI, in an amount in excess of

Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right

by a jury.


## COUNT XI – FOR DEFAMATION BY RT FAMILY LLC VIA STATEMENT MADE TO JANELLE YOUNG

117.     Plaintiff realleges and incorporates by reference paragraphs 1-42 of this

Complaint.

118.     Defendant RT FAMILY LLC published false statements to a third party, Janelle

Young.

119.     Defendant RT FAMILY LLC stated to Janelle Young that Plaintiff had used

illegal drugs in the presence of her minor child while working under her employment to

care for that minor child.

120.     The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff

had used illegal drugs in the presence of her minor child while working under her

employment to care for that minor child) was false.

121.     The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff

had used illegal drugs in the presence of her minor child while working under her

employment to care for that minor child) caused damages to Plaintiff.

122.      Defendant RT FAMILY LLC stated to Janelle Young that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

123.      The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

124.      The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RT FAMILY LLC, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.


## COUNT XII – FOR DEFAMATION BY RT FAMILY LLC VIA STATEMENT MADE TO WESTSIDE NANNIES

125.      Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

126.      Defendant RT FAMILY LLC published false statements to a third party, Westside Nannies.

127.      Defendant RT FAMILY LLC stated to Westside Nannies that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

128.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

129.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

130.     Defendant RT FAMILY LLC stated to Westside Nannies that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

131.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

132.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RT FAMILY LLC, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT XIII – FOR DEFAMATION BY RT FAMILY LLC VIA STATEMENT MADE TO AIRBNB

133.     Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

134.     Defendant RT FAMILY LLC published false statements to a third party, AirBNB.

135.     Defendant RT FAMILY LLC stated to AirBNB that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

136.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

137.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

138.     Defendant RT FAMILY LLC stated to AirBNB that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

139.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

140.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RT FAMILY LLC, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT XIV – FOR DEFAMATION PER SE BY RT FAMILY LLC VIA STATEMENT MADE TO JANELLE YOUNG

141.     Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

142.     Defendant RT FAMILY LLC published false statements to a third party, Janelle Young.

143.     Defendant RT FAMILY LLC stated to Janelle Young that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

144.     The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

145.     The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

146.     The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

147.     Defendant RT FAMILY LLC stated to Janelle Young that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

148.     The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

149.     The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

150.     The statement by Defendant RT FAMILY LLC to Janelle Young (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RT FAMILY LLC, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT XV – FOR DEFAMATION PER SE BY RT FAMILY LLC VIA STATEMENT MADE TO WESTSIDE NANNIES

151.     Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

152.     Defendant RT FAMILY LLC published false statements to a third party, Westside Nannies.

153.     Defendant RT FAMILY LLC stated to Westside Nannies that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

154.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

155.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

156.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

157.     Defendant RT FAMILY LLC stated to Westside Nannies that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

158.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

159.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

160.     The statement by Defendant RT FAMILY LLC to Westside Nannies (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RT FAMILY LLC, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT XVI – FOR DEFAMATION PER SE BY RT FAMILY LLC VIA STATEMENT MADE TO AIRBNB

161.     Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

162.     Defendant RT FAMILY LLC published false statements to a third party, Westside Nannies.

163.     Defendant RT FAMILY LLC stated to AirBNB that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child.

164.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was false.

165.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) caused damages to Plaintiff.

166.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had used illegal drugs in the presence of her minor child while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

167.     Defendant RT FAMILY LLC stated to AirBNB that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child.

168.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was false.

169.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) caused damages to Plaintiff.

170.     The statement by Defendant RT FAMILY LLC to AirBNB (that Plaintiff had recklessly exposed their minor child to COVID while working under her employment to care for that minor child) was directly related to Plaintiff's fitness for employment in her chosen profession.

WHEREFORE the Plaintiff, GERALDINE YOUNG, demands judgment against the Defendant, RT FAMILY LLC, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## <u>COUNT XVII – FOR RESCISSION OF SECOND EMPLOYMENT AGREEMENT DUE TO DURESS AND UNCONSCIONABILITY</u>

171.     Plaintiff realleges and incorporates by reference paragraphs 1-42 of this Complaint.

172.     Plaintiff, GERALDINE YOUNG, and the Garlapatis entered into an employment agreement. See Exhibit A of this Complaint.

173.     After entering into the employment agreement, Plaintiff, GERALDINE YOUNG, relocated to Miami, Florida to fulfill her obligations under the agreement and relinquished her housing arrangement in Atlanta, Georgia.

174.     After she had relocated and at or around the time she began her employment with the Garlapatis, the Garlapatis required Plaintiff, GERALDINE YOUNG, to sign an employment agreement ("Second Agreement") with RT FAMILY, LLC as a condition of her continued employment.

175.     The Garlapatis conditioned Plaintiff GERALDINE YOUNG's continued employment and housing on signing the Second Agreement.

176.     Plaintiff was faced with the choice of signing the Second Agreement or immediately becoming homeless and unemployed, and she had already relocated to Miami, Florida and had relinquished her housing arrangements in Atlanta, Georgia.

177.     The circumstances of the signing of the Second Agreement were such that there was an unable balance of power that rendered the Second Agreement unconscionable.

WHEREFORE the Plaintiff, GERALDINE YOUNG, requests that the Second Agreement be rescinded due to duress and unconscionability and declared void.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial by jury on all issues which may be tried by jury.

DATED this 25th day of August 2023.

/s/ ***Kertch J. Conze***

Kertch J. Conze, Esquire
Law Offices of kertch Conze, P.A.
3600 Red Road, Suite 402
Miramar, FL 33025
Tele: (954) 342-9044
Fax: (954) 342-9208
conze@conzelaw.com
Florida Bar #:  233020
Attorney for Plaintiff

**EXHIBIT A**

2/27/22 @ 9:27pm

② This is the one we signed

## Employment Agreement
## The Garlapati Family & Geraldine Young

**Ashvin and Ramya Garlapati** (the parents) and **Geraldine Young** (the nanny) have entered into an employer/employee relationship with the obligations and responsibilities as follows:

**Nanny Duties:** Geraldine will work closely with the parents to provide childcare for the Garlapati Child. Although Geraldine's job description and duties may change as she grows, the general childcare duties include feeding, dressing, bathing, potty training, arranging educational activities, playing, preparing their daughter for travel, traveling with the family and all other tasks related to their safety and supervision. Additional duties include light housekeeping related to the child's activities, cooking for her including the preparation of healthy meals and snacks, making sure her room and play areas are clean and tidy, doing the child's laundry, running errands, and providing general family/household assistance. Geraldine will also be responsible for teaching the Garlapati Child positive behavior and manners and will always adhere to the childcare philosophy of the parent's choice.

**Terms:** Geraldine will begin working March 14, 2022 through March 23, 2023, renewable each year. Employment is at will, which means that the parents may end Geraldine's employment at any time, with or without cause, for any reason or for no reason, and that Geraldine is similarly free to resign at any time for any or for no reason. If either party wishes to terminate employment, they must give 30 days notice.

**Hours:** Geraldine's typical hours will be Monday through Friday from 8:00am to 5:00pm. These hours are subject to change and Geraldine agrees to be flexible and accommodating if The Garlapati Family needs to adjust the schedule to better fit their needs. Nonetheless, every effort will be made to arrive at a mutually acceptable schedule each week. Geraldine is guaranteed 40 hours weekly. The parents will provide Geraldine with a timekeeping record on which she should record all of the hours that she works, and this timekeeping record must be submitted at the end of every week.

**Compensation:** Geraldine's hourly rate will be $40.00 while working in Miami and $45 an hour when the family relocates to Los Angeles, subject to all customary withholdings and deductions. Geraldine will be paid overtime at one-and-one half times her hourly rate for all hours worked in excess of nine (9) in any one work day or forty (40) in any one work week, whichever calculation amounts to a greater number of overtime hours. For purposes of this agreement, a work day begins at 12:00 a.m. and ends at 11:59 p.m., and a work week begins on Saturday at 12:00 a.m. and ends on Friday at 11:59 p.m. Geraldine will be paid every Friday for the prior week of work. Please note that if The Garlapati Family is out of town and Geraldine does not accompany them on the trip, she will continue to be paid for her regularly scheduled hours (40) so long as she remains

available to work on family projects, errands, or other matters during The Garlapati Family's absence.

**Vacation:** Geraldine will receive 15 days of of paid vacation in one year of employment after 3 months of employment. Geraldine will provide vacation request at least 30 days in advance.

**Health Insurance:** The Garlapati Family agrees to contribute $250 monthly to assist with the cost of Geraldine's healthcare plan.

**Sick Pay:** Geraldine will receive five (5) days of sick leave at the time her employment begins, and again at the beginning of each calendar year. No unused sick leave benefits will be paid at the end of any calendar year or at the time Geraldine's employment ends. If additional sick days are required they will be deducted from Geraldine's paid vacation or deducted from her weekly salary on a per-hour basis. If Geraldine is feeling ill she agrees to give the parents as much notice as possible, preferably 7 days for any appointments that might cause her to miss work.

**Holidays:** Geraldine will receive full pay for the following holidays, should they fall during her regularly scheduled work week: New Year's Day, MLK Day. Memorial Day, Independence Day, Labor Day, Thanksgiving Day, Christmas Eve, and Christmas Day. If The Garlapati Family requires Geraldine to work on a scheduled holiday, she will receive one and one-half times her regular rate.

**Travel:** The Garlapati Family is responsible for providing all necessary travel expenses including but not limited to food, travel expenses, and lodging.

**Expense Reimbursement:** The Garlapati Family will provide Geraldine with reimbursements for any and all approved expenses she incurs in the performance of her duties upon submission of receipts to the parents.

**Relocation Stipend:** The Garlapati Family agrees to contribute $5000 for a relocation stipend to Los Angeles.

**Driving Responsibilities:** If authorized by the parents, Geraldine may be required to drive in the course and scope of employment. When that occurs, Geraldine must follow all rules of the road. Under no circumstances may Geraldine use a mobile telephone (even if it is a hands-free device) for any purpose while driving for any work-related reason. If Geraldine is authorized to drive her own vehicle, she will receive mileage reimbursement at the applicable legal rate established by the Internal Revenue Service ($0.585 per mile as of 01/01/22).

**Groceries:** The Garlapati Family will supply groceries for Geraldine's meals consumed during work hours.

**Video and Audio Recordings:** Geraldine acknowledges and agrees that The Garlapati Family either currently uses, or has the right to use in the future, surveillance cameras throughout their home(s) and property (excluding any areas where individuals would have an expectation of privacy, such as in the bathroom). Such cameras may record video images as well as audio sounds. By signing this agreement, Geraldine consents to such audio and visual recording when working for The Garlapati Family.

**Photographs**:  Except with their consent, Geraldine will not take photographs, videos or other visual images of The Garlapati Family, their residences, vehicles, places of employment, nor any of their friends, acquaintances, or relatives. If authorized by The Garlapati Family, Geraldine may take or record photographs, videos or other images of the Garlapati child, friends, teachers and/or activities, Geraldine acknowledges that all such images constitute Confidential Information and shall remain the sole and exclusive property of The Garlapati Family, regardless of where such images reside.

**Social Media:** Geraldine will not post, send to or otherwise exchange or share any photographs, videos, visual images, descriptions, nor information about The Garlapati Family, nor any of their travels, locations, schedules or activities, whether during working hours or otherwise on or through any social media website, service or exchange.  This includes postings on Facebook or other social media sites, as well as the sharing or exchange of videos or information through Twitter, Instagram, Snap Chat or similar services.

**Confidentiality:** During the course of employment, Geraldine Young will see, hear, learn or otherwise become privy to information about The Garlapati Family and their Child. By signing this Agreement, it is understood and agreed that all information relating to The Garlapati Family and Child, including but not limited to health, financial, household and/ or career, is confidential information which may not be disclosed to anyone, directly or indirectly, without the written consent of The Garlapati Family during employment or any time thereafter, except as may be required by law. For the avoidance of any doubt, Geraldine Young is not permitted to disclose any information about The Garlapati Family on any website or social media network, including, without limitation, posting pictures of, or comments about, any member of The Garlapati Family online. This confidentiality provision applies to disclosures that describe The Garlapati Family, even if their name(s) are not used.

*Ramya Garlapati*

_____

Employer: Ashvin and Ramya Garlapati

Feb 28, 2022

_____

Date

Geraldine Young (Feb 28, 2022 17:25 EST)

_____

Employee: Geraldine Young

Feb 28, 2022

_____

Date

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

GERALDINE YOUNG,

      Plaintiff,                                Case No.: 2023-022003-CA-01

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

      Defendants.

_____/

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

ASHVIN GARLAPATI
One North Clematis Street
West Palm Beach, FL 33401

DATED on _____.

**Juan Fernandez Barquin**

As Clerk of the Court

By _____.
As Deputy Clerk

1

**<u>IMPORTANT</u>**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**<u>IMPORTANTE</u>**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

2

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [*identify applicable court personnel by name, address, and telephone number*], por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [identify applicable court personnel by name, address, and telephone number]au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a

dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fÒm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte [*identify applicable court personnel by name*], KÒdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [identify court personnel's address and telephone number], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

_____

Plaintiff/Plaintiff's Attorney

Kertch J. Conze, Esq.
Law Offices of Kertch Conze, P.A.
3600 Red Road, Suite 402
Miramar, FL 33025

Florida Bar No. 233020

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

GERALDINE YOUNG,

     Plaintiff,                             Case No.: 2023-022003-CA-01

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

     Defendants.

_____/

## <u>SUMMONS</u>

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

RAMYA GARLAPATI
One North Clematis Street
West Palm Beach, FL 33401

DATED on _____.

**Juan Fernandez Barquin**

As Clerk of the Court

By _____.
As Deputy Clerk

**<u>IMPORTANT</u>**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**<u>IMPORTANTE</u>**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [*identify applicable court personnel by name, address, and telephone number*], por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [identify applicable court personnel by name, address, and telephone number]au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a

dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fÒm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte [*identify applicable court personnel by name*], KÒdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [identify court personnel's address and telephone number], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**


_____

Plaintiff/Plaintiff's Attorney

Kertch J. Conze, Esq.
Law Offices of Kertch Conze, P.A.
3600 Red Road, Suite 402
Miramar, FL 33025

Florida Bar No. 233020

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
# IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

      Plaintiff,                                  Case No. 2023-022003-CA-01

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

      Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

                RT FAMILY, LLC c/o Ramya Garlapati
                One North Clematis Street
                West Palm Beach, FL 33401

Each defendant is required to serve written defenses to the complaint or petition on Kertch J. Conze, Esq., plaintiff's attorney, whose address is 3600 Red Road, Suite 402, Miramar, Florida 33025 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

*Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.*

DATED on _____.

**Juan Fernandez Barquin**

As Clerk of the Court


By _____.
As Deputy Clerk

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
# IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

      Plaintiff,                                     Case No.: 2023-022003-CA-01

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

ASHVIN GARLAPATI
One North Clematis Street
West Palm Beach, FL 33401

DATED on _____9/25/2023_____.

**Juan Fernandez Barquin**

As Clerk of the Court

By _____307967_____.
As Deputy Clerk

1

**<u>IMPORTANT</u>**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**<u>IMPORTANTE</u>**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

2

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [*identify applicable court personnel by name, address, and telephone number*], por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [identify applicable court personnel by name, address, and telephone number]au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a

3

dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fÒm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte [*identify applicable court personnel by name*], KÒdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [identify court personnel's address and telephone number], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

_____

Plaintiff/Plaintiff's Attorney

Kertch J. Conze, Esq.
Law Offices of Kertch Conze, P.A.
3600 Red Road, Suite 402
Miramar, FL 33025

Florida Bar No. 233020

4

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

      Plaintiff,                               Case No.: 2023-022003-CA-01

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

      Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

RAMYA GARLAPATI
One North Clematis Street
West Palm Beach, FL 33401

DATED on _____9/25/2023_____.

**Juan Fernandez Barquin**

As Clerk of the Court

By _____
As Deputy Clerk

307965

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

2

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [*identify applicable court personnel by name, address, and telephone number*], por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [identify applicable court personnel by name, address, and telephone number]au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a

dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fÒm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte [*identify applicable court personnel by name*], KÒdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [identify court personnel's address and telephone number], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

_____

Plaintiff/Plaintiff's Attorney

Kertch J. Conze, Esq.
Law Offices of Kertch Conze, P.A.
3600 Red Road, Suite 402
Miramar, FL 33025

Florida Bar No. 233020

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
# IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

     Plaintiff,                                 Case No. 2023-022003-CA-01

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

     Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

RT FAMILY, LLC c/o Ramya Garlapati
One North Clematis Street
West Palm Beach, FL 33401

Each defendant is required to serve written defenses to the complaint or petition on Kertch J. Conze, Esq., plaintiff's attorney, whose address is 3600 Red Road, Suite 402, Miramar, Florida 33025 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

*Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.*

DATED on ___9/25/2023_____.

**Juan Fernandez Barquin**

As Clerk of the Court

By _____ 307965

As Deputy Clerk

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.: 2023-022003-CA-01**
**SECTION: CA30**

**Geraldine Young**
**Plaintiff(s),**

**vs.**

**Ramya Garlapati et al**
**Defendant(s)**

_____/

## CASE MANAGEMENT ORDER (STREAMLINED PATHWAY)

     **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

     **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | **12-22-2023** |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **01-11-2024** |
| **Deadline for Witness and Exhibit List, including known experts:** | **02-15-2024** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **02-25-2024** |
| **Deadline for Adding Parties:** | **03-27-2024** |
| **Deadline for Inspections/Examinations:** | **04-11-2024** |
| **Deadline for Expert Disclosure:** | **05-01-2024** |
| **Deadline for Discovery Completion (Including Depositions):** | **05-31-2024** |
| **Deadline for Final Witness and Exhibit List:** | **05-31-2024** |
| **Deadline for Dispositive Motions:** | **05-31-2024** |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | **06-10-2024** |
| **Deadline for ADR/Mediation:** | **06-10-2024** |
| **Trial Ready Deadline:** | **07-10-2024** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, *not through staff*, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances.   The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.</u>   <u>Last minute cancellations are disfavored.</u>

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

## Discovery

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product <u>except</u> the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time.   Refer to paragraph 4 above regarding motions for protective order.

## Witness and Exhibits Lists

10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## **Mediation**

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

   **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **29th day of October, 2023** .

2023-022003-CA-01 10-29-2023 11:48 PM

2023-022003-CA-01 10-29-2023 11:48 PM

**Reemberto Diaz**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

Kertch J Conze, Conze@conzelaw.com
Kertch J Conze, conzelaw@aol.com
Kertch J Conze, alessio@conzelaw.com

Filing # 185220516 E-Filed 11/01/2023 10:57:02 AM

## VERIFIED RETURN OF SERVICE

State of Florida        **County of Miami-Dade**        **11th Jud. Circuit Court**

Case Number: 23-022003 CA 01

Plaintiff:
**Greraldine Young**

vs.

Defendant:
**Ramya Garlapati, et al.**

For:
Kertch Conze, Esq.
Law Offices Of Kertch Conze, P.A.
3600 Red Road
Suite 402
Miramar, FL 33025

Received by First Choice Process, Inc. on the 27th day of October, 2023 at 2:25 pm to be served on **RT Family, LLC c/o Paracorp Incorporated, Registered Agent, 155 Office Plaza Drive, 1st Floor, Tallahassee, FL 32301** .

I, Kathleen Conway, #273, do hereby affirm that on the **30th day of October, 2023** at **10:36 am, I:**

**LIMITED LIABILITY COMPANY- REGISTERED AGENT:** served by delivering a true copy of the **20 DAY SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Mary Duncan c/o Paracorp Incorporated, Registered Agent,R.A. Clerk** as authorized employee of Registered Agent for **RT Family, LLC c/o Paracorp Incorporated, Registered Agent,** at the address of: **155 Office Plaza Drive, 1st Floor, Tallahassee, FL 32301** and informed said person of the contents therein, in compliance with state statutes F.S. pursuant to F.S. 48.062(3)

**Description** of Person Served: Age: 28+, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: 135, Hair: Blonde, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good stan ding, in the judicial circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing documents and that the facts stated therein are true. Notary not required pursuant to Florida Statute 92.525 Sec (2).

**Kathleen Conway, #273**
#273

**First Choice Process, Inc.**
**15757 Pines Blvd.**
**Suite 157**
**Pembroke Pines, FL 33027**
**(954) 431-9208**

Our Job Serial Number: MTO-2023003870

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m



## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

      Plaintiff,                        Case No. 2023-022003-CA-01

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

      Defendants.

_____/

## <u>SUMMONS</u>

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

RT FAMILY, LLC c/o Ramya Garlapati
One North Clematis Street
West Palm Beach, FL 33401

Each defendant is required to serve written defenses to the complaint or petition on Kertch J. Conze, Esq., plaintiff's attorney, whose address is 3600 Red Road, Suite 402, Miramar, Florida 33025 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

*Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.*

DATED on ___9/25/2023_____.

**Juan Fernandez Barquin**

As Clerk of the Court

By _____ 307965
As Deputy Clerk

Filing # 186404878 E-Filed 11/17/2023 04:04:07 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

GERALDINE YOUNG,                              Case No.: 2023-0022003-CA-01

       Plaintiff,

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

       Defendants.

_____/

## <u>DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT</u>

Defendant, RT FAMILY, LLC ("Defendant"), through undersigned counsel and pursuant to Rule 1.090 of the Florida Rules of Civil Procedure, hereby moves for a thirty (30) day extension of time to respond to the Complaint filed by Plaintiff, Geraldine Young ("Plaintiff"), and in support thereof states as follows:

1.   On or about August 25, 2023, Plaintiff filed a Complaint asserting claims for rescission of contract, breach of contract, defamation, and civil conspiracy.

2.   A copy of the Complaint was served on Defendant on October 30, 2023.

3.   Defendant's response to the Complaint is currently due November 20, 2023.

4.   Pursuant to Florida Rule of Civil Procedure 1.090(b)(1), a court may extend a deadline where the request is made upon a showing of cause, and before the expiration of the period originally prescribed. *See* Fla. R. Civ. P. 1.090(b)(1).

5.   Here, cause exists to extend Defendant's deadline to respond to the Complaint. Defense counsel was just retained and is traveling for the Thanksgiving Holiday and therefore requires additional time to gather information necessary to respond to the Complaint.

Case No.: 2023-0022003-CA-01

6.   Moreover, this request is made on November 17, 2023, which is before the "expiration of the period originally prescribed" for responding to the Complaint. *See* Fla. R. Civ. P. 1.090(b)(1) (providing that the court may extend a deadline where the request is made before the expiration of the period originally prescribed).

7.   Accordingly, Defendant respectfully requests a thirty (30) day extension of time until and including December 20, 2023, to respond to the Complaint to ensure Defendant's counsel has sufficient time to complete a thorough investigation of this matter.

8.   On November 16, 2023, Defendant's counsel attempted to confer with Plaintiff's counsel regarding Defendant's requested extension of time, to no avail.

9.   This Motion is made in good faith and is not intended to unreasonably delay this case.

10. Defendant submits that no Party will be prejudiced by the granting of the brief extension of time Defendant seeks in this Motion.

   **WHEREFORE,** Defendant respectfully requests that this Court enter an Order: (a) granting Defendant's Motion and extending the time for Defendant to respond to the Complaint by thirty (30) days until and including December 20, 2023; and (b) granting any such further relief as the Court deems necessary and proper.

Date: November 17, 2023.                    Respectfully submitted,

                                            By: */s/ Susan N. Eisenberg*
                                                Susan N. Eisenberg
                                                Florida Bar No. 600393
                                                seisenberg@cozen.com
                                                Arielle S. Eisenberg
                                                Florida Bar No. 0111467
                                                aeisenberg@cozen.com
                                                Samuel B. Edelstein
                                                Florida Bar No. 1025382
                                                sedelstein@cozen.com
                                                COZEN O'CONNOR
                                                200 S. Biscayne Blvd.

2

**Case No.: 2023-0022003-CA-01**

Suite 3000
Miami, FL 33131
Telephone: (305) 704-5941
Fax: (786) 220-0470
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2023, I served and filed the foregoing

document via Florida Court E-filing Portal on Plaintiff's Counsel: Kertch J. Conze, Esq.

conze@conzelaw.com.

*/s/ Susan N. Eisenberg*
Susan N. Eisenberg

LEGAL\66926032\1

Filing # 186640379 E-Filed 11/21/2023 05:06:22 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-022003-CA-01
SECTION: CA30
JUDGE: Reemberto Diaz

**Geraldine Young**

Plaintiff(s)

vs.

**Ramya Garlapati et al**

Defendant(s)

_____/

<u>**AGREED ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO COMPLAINT**</u>

THIS MATTER having come before this Court upon Defendant, RT FAMILY, LLC's ("Defendant") Motion for Extension of Time to Respond to Complaint (the "Motion"), and the Court being fully advised in the premises and having learned of the Parties' agreement to Defendant's requested extension of time, it is hereby:

ORDERED AND ADJUDGED that:

1. The Motion is hereby GRANTED.

2. The deadline for Defendant to serve a response to the Complaint is hereby extended by thirty (30) days, until and including December 20, 2023.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>21st day of November, 2023</u>.

<u>2023-022003-CA-01 11-21-2023 4:48 PM</u>
Hon. Reemberto Diaz

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Kertch J Conze, Conze@conzelaw.com
Kertch J Conze, conzelaw@aol.com
Kertch J Conze, alessio@conzelaw.com
Sam B. Edelstein, Esq., sedelstein@cozen.com
Susan N Eisenberg, seisenberg@cozen.com
Susan N Eisenberg, silvanagomez@cozen.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

CASE NO.: 2023-022003-CA-01

      Plaintiff,

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

      Defendants.

_____/

## <u>DEFENDANT RT FAMILY, LLC'S MOTION TO DISMISS COMPLAINT</u>

Defendant, RT Family, LLC ("RT Family"), moves to dismiss counts I, III, and XI through XVII of plaintiff's complaint pursuant to Florida Rules of Civil Procedure 1.130 and 1.140(b)(6). Plaintiff, Geraldine Young, has improperly named RT Family as a defendant in this lawsuit while alleging no facts to support a claim against it. Young claims RT Family breached a contract but fails to attach the contract to the complaint. Further, all of Young's defamation claims against RT Family fall far short of stating a viable claim because Young does not allege that RT Family published defamatory, false statements about her. To the contrary, the allegations make clear that any alleged statements were made by the individual defendants in their capacity as parents of a young child and were not defamatory. Each of the claims against RT Family must be dismissed. Also, as discussed in detail below, Young seeks rescission of any agreement with RT Family, thus admitting that it is not a proper defendant.

## BACKGROUND

As alleged in the Complaint, which for purposes of this Motion, this Court takes as true, Young entered into an agreement with defendants Ramya and Ashvin Garlapati[1] to provide childcare services for their minor child. *See* Compl. at ¶ 11 & Ex. A.[2] Young relocated from Atlanta, Georgia to Miami, Florida and started working as a nanny for the Garlapatis a couple weeks after signing the agreement. *See* Compl. at ¶¶ 10–11, 15, 16, 18.

Young claims that when she arrived in Miami, the Garlapatis had her sign a second agreement with RT Family to remain employed. *Id*. at ¶ 20–21. Though she references this second contract throughout her complaint, and three of her claims are solely based upon it, she does not attach the second contract to the complaint, never describes its relevant provisions, and never explains how it differs from the initial contract she made with the Garlapatis. *See generally* Compl.

Shortly thereafter, Young accompanied the Garlapatis on a trip to Las Vegas, Nevada, where she would continue to be responsible for providing childcare. *Id*. at ¶ 23. While there, Young alleges the Garlapatis fired her without specifying their reasons. *Id*. at ¶ 26.

Young alleges that she later learned the Garlapatis claimed to have found Young using marijuana in the hotel room and in the presence of their minor child and claimed that Young might have exposed their child to Covid-19. *Id*. at ¶ 28. Young contends the Garlapatis' assertions are false and that the Garlapatis shared them with third parties, including the host of the Airbnb the Garlapatis rented for Young to use, and unidentified agents of Airbnb. *Id*. at ¶ 28–30, 33–34.[3]

---

[1] Neither of the individual defendants has been served.

[2] RT Family reserves the right to deny the allegations in the future if this Motion is denied.

[3] It appears the Garlapatis did not tell the Airbnb host that they believed Young might have exposed their child to Covid-19 because Young actually alleges that the host suggested to the Garlapatis that if Young had Covid-19, Airbnb might allow them to cancel their reservation. *Id.* at ¶ 33.

Young also alleges that the Garlapatis "implied to Ms. Young's employment references that [she] was doing marijuana and illegal drugs." *Id*. at ¶ 40. Young does not allege any factual basis to attribute these statements to RT Family or otherwise hold it liable. Despite the lack of supporting allegations, Young asserts six counts of defamation against RT Family.

## **LEGAL STANDARD**

A motion to dismiss should be granted where the plaintiff has failed to allege ultimate facts, which confer a legally cognizable right of action. *See Turnberry Village N. Tower Condo. Ass'n, Inc. v. Turnberry Village S. Tower Condo. Ass'n, Inc*., 224 So. 3d 266, 267 (Fla. 3d DCA 2017); Fla. R. Civ. P. 1.140(b)(6). "To survive a motion to dismiss, a complaint must allege a prima facie case." *Alvarez v. E & A Produce Corp.*, 708 So. 2d 997, 999 (Fla. 3d DCA 1998). "Whether a prima facie case has been pled depends on the sufficiency of the plaintiff's allegations of fact, excluding the bare conclusions of the plaintiff." *Id*. at 999–1000.

## **ARGUMENT**

Young's contract-based claims against RT Family all fail because she does not attach the contract at issue to her complaint. Moreover, based on her own allegations, the alleged contract with RT Family would be legally invalid (although not for the reasons she claims). Young's six defamation counts against RT Family all fail because Plaintiff does not attribute any of the alleged defamatory statements to RT Family. Not a single claim against RT Family can survive dismissal.

**I.     Counts I, III, and XVII of Young's complaint must be dismissed because the alleged contract is not attached.**

Florida Rule of Civil Procedure 1.130 requires that all contracts or documents "on which action may be brought . . .  must be incorporated in or attached to the pleading." Thus, if a plaintiff brings an action based upon a contract and fails to attach the contract as an exhibit, the action must be dismissed. *See Samuels v. King Moto Co. of Fort Lauderdale*, 782 So. 2d 489, 500 (Fla. 4th

DCA 2001). "Where a complaint is based on a written instrument, the complaint 'does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in' the complaint." *Id*. (quoting *Safeco Ins. Co. v. Ware*, 401 So. 2d 1129, 1130 (Fla. 4th DCA 1981). It is the responsibility of the plaintiff to provide the court with any documents on which an alleged cause of action is based. *See Winn-Dixie Stores, Inc. v. Sams*, 281 So. 2d 47, 47–48 (1973).

Here, there is no dispute. Young did not attach any agreement showing a contract existed between her and RT Family. She did, however, attach a contract with the Garlapatis for care of their young child. *See* Compl. at Ex. A. She also alleges that the real relationship was with the Garlapatis—not RT Family—and actually seeks to rescind any agreement with RT Family. *See* Compl. at ¶¶ 10–11, Counts I & XVII.[4] Though RT Family does <u>not</u> agree with the reasons Young seeks recission of the second agreement, RT Family <u>does</u> agree that the operative contract is the original agreement between Young and the Garlapatis (not RT Family), which <u>is</u> attached to the complaint. *See* Compl. at Ex. A.[5] All of Plaintiff's contract-based claims against RT Family must be dismissed because no contract is attached. Moreover, these claims should be dismissed with prejudice because the recission counts are moot (there is no case or controversy since RT Family agrees the contract with the Garlapatis should control), which leaves no claim for breach of contract by RT Family—any contract issues can be brought against the Garlapatis, who are the proper parties.

---

[4] Counts I and XVII are duplicative of one another and therefore fail for the same reasons. Regardless, count XVII should be stricken. Fla. R. Civ. P. 1.140(f).

[5] Accepting Young's allegations as true for the purposes of this motion, any subsequent agreement with RT Family with the same terms as the original agreement would appear to lack consideration.

**II.      Counts XI through XVI of Young's complaint must be dismissed because Young has not alleged any defamatory statements by RT Family.**

Young asserts a total of six defamation counts against RT Family—three counts of defamation (counts XI through XII) and three counts of defamation per se (counts XIV through XVI).[6] All six counts are based on the same two statements allegedly made to the same three parties. All six counts are equally insufficient.

To state a claim for defamation, a plaintiff must allege ultimate facts showing the defendant published a false statement about plaintiff to a third party. *See Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Stated differently, "[p]ublication of defamatory matter is communication of the statement to a third person." *Granda-Centeno v. Lara,* 489 So. 2d 142, 143 (Fla. 3d DCA 1986). Where a false statement was not communicated to a third party <u>by the defendant</u>, there is no defamation. That is the case here.

Young specifically alleges that the purported defamatory statements were made by the Garlapatis, and the Garlapatis alone. According to the complaint, "The Garlapatis published false and fabricated statements to third parties." *See* Compl. at ¶ 29. Young alleges it was the Garlapatis who told Airbnb, the Airbnb host, and Westside Nannies that Young had Covid-19 and was using marijuana around their child. *Id*. at ¶ 30, 32, 34–40. Young never alleges that RT Family made or published any statement to anybody. Nor does Young allege the Garlapatis made the defamatory statements on behalf of RT Family. Of course, it would defy logic to try to make such an allegation because it is abundantly clear from the complaint that the Garlapatis' statements were made by

---

[6] These counts are redundant of one another because defamation per se is merely a legal theory applied to a subset of defamation claims in which some types of libelous statements are deemed so inherently harmful that malice and damage are presumed. *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973). Since all the defamation claims are based on the same statements, there is no need to allege a separate cause of action for defamation per se.

parents concerned about the well-being of their minor child and not on behalf of a company or its business. Because RT Family never published any statements (defamatory or otherwise) to any third party, all the defamation claims against it fail as a matter of law and counts XI through XVI must be dismissed.

## **CONCLUSION**

Each of Young's claims against RT Family fails as a matter of law and must be dismissed. Accordingly, RT Family respectfully requests that the Court dismiss counts I, III, and XI through XVII of Young's complaint and enter judgment for RT Family.

Dated: December 20, 2023                        Respectfully submitted,


/s/ Michael A. Holt
Susan N. Eisenberg
Florida Bar No. 600393
seisenberg@cozen.com
Cozen O'Connor
200 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Telephone: (305) 704-5941

Michael A. Holt
Florida Bar No. 91156
mholt@fisherphillips.com
Sarah M. Leon
Florida Bar No. 1011028
sleon@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954)-525-4800

*Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on December 20, 2023, I caused a true and correct copy of the foregoing to be served on the following, either via transmission of Notice of Electronic Filing generated by the Florida's E-Filing Portal or by United States Mail for those counsel or parties who are not authorized to receive electronically filed pleadings in this action to the parties listed below:

s/ Michael A. Holt       <br>
Michael A. Holt

<u>**Service List**</u>

Kertch J. Conze
conze@conzelaw.com
Law Offices of Kertch Conze, P.A.
3600 Red Road, Suite 402
Miramar, FL 33025
Telephone: (954) 342-9044

*Attorneys for Plaintiff Geraldine Young*

## VERIFIED RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    11th Jud. Circuit Court

Case Number: 23-022003 CA 01

Plaintiff: **Greraldine Young**
vs.
Defendant: **Ramya Garlapati, et al.**

For: Kertch Conze, Esq.
Law Offices Of Kertch Conze, P.A.

Received by L.A. Process Servers on the 22nd day of December, 2023 at 4:10 pm to be served on **Ashvin Garlapati, 610 Foothill Road, Beverly HIlls, CA 90210**. I, ___Sarah Thompson___, being duly sworn, depose and say that on the __28th__ day of __December__, 20_23_ at _5_:_02_ p.m., executed service by delivering a true copy of the **20 DAY SUMMONS AND COMPLAINT** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____, in compliance with FS 48.031(1)(a).

( ) SUBSTITUTE SERVICE - PRIVATE MAILBOX: By serving _____ as
_____, in compliance with FS 48.031(6).

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes  or  ( ) No   If yes, what branch? _____

Marital Status: ( ) Married  or  ( ) Single   Name of Spouse _____

COMMENTS:_____
_____
_____
_____

Age _40's_  Sex (M) F  Race __tan__   Height _5'10"_  Weight _175_  Hair black w/grey Glasses Y N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _____
day of _____ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

CALIFORNIA JURAT ATTACHED

PROCESS SERVER # _6679 Los Angeles_
Appointed in accordance with State Statutes

**First Choice Process, Inc.**
**15757 Pines Blvd.**
**Suite 157**
**Pembroke Pines, FL 33027**
**(954) 431-9208**

Our Job Serial Number: 2023003869



# California Jurat Certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** __Los Angeles_____                    }   s.s.

Subscribed and sworn to (or affirmed) before me on this __29th___ day of __December_____,

20 _23_, by _____Sarah Thompson_____ and
                                            Name of Signer (1)

_____, proved to me on the basis of
                    Name of Signer (2)

satisfactory evidence to be the person(s) who appeared before me.

_____
        Signature of Notary Public

__Milay Vera, Commission #2379951__
For other required information (Notary Name, Commission No., etc.)

MILAY VERA
Notary Public - California
Los Angeles County
Commission # 2379951
My Comm. Expires Oct 25, 2025

Seal

———————————— OPTIONAL INFORMATION ————————————

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The certificate is attached to a document titled/for the purpose of

containing _____ pages, and dated _____

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification  ○ credible witness(es)

Notarial event is detailed in notary journal on:

        Page # _____  Entry # _____

Notary contact: _____

Other

☐ Affiant(s) Thumbprint(s)  ☐ Describe: _____

_____

© 2008-2015 Notary Learning Center - All Rights Reserved          You can purchase copies of this form from our web site at www.TheNotarysStore.com

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

      Plaintiff,                            Case No.: 2023-022003-CA-01

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

      Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

ASHVIN GARLAPATI
One North Clematis Street
West Palm Beach, FL 33401

DATED on _____9/25/2023_____.

**Juan Fernandez Barquin**

As Clerk of the Court

By _____307967_____.
As Deputy Clerk

1

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

2

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [*identify applicable court personnel by name, address, and telephone number*], por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [identify applicable court personnel by name, address, and telephone number]au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a

dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fÒm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte [*identify applicable court personnel by name*], KÒdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [identify court personnel's address and telephone number], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

_____

Plaintiff/Plaintiff's Attorney

Kertch J. Conze, Esq.
Law Offices of Kertch Conze, P.A.
3600 Red Road, Suite 402
Miramar, FL 33025

Florida Bar No. 233020

## VERIFIED RETURN OF SERVICE

State of Florida            **County of Miami-Dade**            11th Jud. Circuit Court

Case Number: 23-022003 CA 01

Plaintiff: **Greraldine Young**
vs.
Defendant: **Ramya Garlapati, et al.**

 For: Kertch Conze, Esq.
    Law Offices Of Kertch Conze, P.A.

Received by L.A. Process Servers on the 22nd day of December, 2023 at 4:09 pm to be served on **Ramya Garlapati, 610 Foothill Road, Beverly Hills, CA 90210**. I, _____Sarah Thompson_____ , being duly sworn, depose and say that on the __28th__ day of ___December__, 2023 at _5_:02 _p_.m., executed service by delivering a true copy of the **20 DAY SUMMONS AND COMPLAINT** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(**X** ) SUBSTITUTE SERVICE: By serving _____Ashvin Garlapati_____ as _____husband and co-occupant_____ , in compliance with FS 48.031(1)(a).

( ) SUBSTITUTE SERVICE - PRIVATE MAILBOX: By serving _____ as _____ , in compliance with FS 48.031(6).

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or ( ) No   If yes, what branch? _____

Marital Status: ( ) Married or ( ) Single   Name of Spouse _____

**COMMENTS:** _____
_____
_____
_____

Age _40's_   Sex Ⓜ F   Race ___tan___   Height __175__   Weight _5'10"_   Hair _black w/grey_   Glasses Y N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _____
day of _____, _____ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _6679 Los Angeles_
Appointed in accordance with State Statutes

**First Choice Process, Inc.**
**15757 Pines Blvd.**
**Suite 157**
**Pembroke Pines, FL 33027**
**(954) 431-9208**

Our Job Serial Number: 2023003868

CALIFORNIA JURAT ATTACHED

# California Jurat Certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** __Los Angeles_____      } S.S.

Subscribed and sworn to (or affirmed) before me on this __29th___ day of __December_____,
Month

20 _23_, by _____Sarah Thompson_____ and
Name of Signer (1)

_____, proved to me on the basis of
Name of Signer (2)

satisfactory evidence to be the person(s) who appeared before me.

_____
Signature of Notary Public

Milay Vera, Commission #2379951
For other required information (Notary Name, Commission No., etc.)

MILAY VERA
Notary Public - California
Los Angeles County
Commission # 2379951
My Comm. Expires Oct 25, 2025
Seal

———————— OPTIONAL INFORMATION ————————

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The certificate is attached to a document titled/for the purpose of

containing _____ pages, and dated _____

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification  ○ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____ Entry # _____

Notary contact: _____

Other

☐ Affiant(s) Thumbprint(s)  ☐ Describe: _____

© 2005-2015 Notary Learning Center • All rights reserved        You can purchase copies of this form from our web site at www.TheNotarysStore.com

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

     Plaintiff,                       Case No.: 2023-022003-CA-01

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

     Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

RAMYA GARLAPATI
One North Clematis Street
West Palm Beach, FL 33401

DATED on _____9/25/2023_____.

**Juan Fernandez Barquin**

As Clerk of the Court

By _____ 307965
As Deputy Clerk

1

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [*identify applicable court personnel by name, address, and telephone number*], por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [identify applicable court personnel by name, address, and telephone number]au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a

dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fÒm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte [*identify applicable court personnel by name*], KÒdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [identify court personnel's address and telephone number], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

_____

Plaintiff/Plaintiff's Attorney

Kertch J. Conze, Esq.
Law Offices of Kertch Conze, P.A.
3600 Red Road, Suite 402
Miramar, FL 33025

Florida Bar No. 233020

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

GERALDINE YOUNG,                                    Case No.: 2023-0022003-CA-01

        Plaintiff,

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

        Defendants.

_____/

## DEFENDANTS' AGREED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendants, Ramya Garlapati and Ashvin Garlapati ("Defendants"), through undersigned counsel and pursuant to Rule 1.090 of the Florida Rules of Civil Procedure, hereby move for a thirty (30) day extension of time to respond to the Complaint filed by Plaintiff, Geraldine Young ("Plaintiff"), and in support thereof state as follows:

1.   On or about August 25, 2023, Plaintiff filed a Complaint asserting claims for rescission of contract, breach of contract, defamation, and civil conspiracy.

2.   A copy of the Complaint was served on Defendants on December 28, 2023.

3.   Defendants' response to the Complaint is currently due January 17, 2024.

4.   Pursuant to Florida Rule of Civil Procedure 1.090(b)(1), a court may extend a deadline where the request is made upon a showing of cause, and before the expiration of the period originally prescribed. *See* Fla. R. Civ. P. 1.090(b)(1).

5.   Here, cause exists to extend Defendants' deadline to respond to the Complaint. Defendants were traveling for the Holiday Season and were unable to gather all information necessary to prepare a meaningful response to Plaintiff's Complaint.

Case No.: 2023-0022003-CA-01

6.   Moreover, this request is made on January 16, 2024, which is before the "expiration of the period originally prescribed" for responding to the Complaint. *See* Fla. R. Civ. P. 1.090(b)(1) (providing that the court may extend a deadline where the request is made before the expiration of the period originally prescribed).

7.   Accordingly, Defendants respectfully request a thirty (30) day extension of time until and including February 16, 2024, to respond to the Complaint.

8.   On or around January 12, 2024, Defendants' counsel conferred with Plaintiff's counsel regarding the relief sought in this Motion, and Plaintiff's counsel agrees to Defendants' requested extension of time to respond to the Complaint.

9.   This Motion is made in good faith and is not intended to unreasonably delay this case.

10. Defendants submit that no Party will be prejudiced by the granting of the brief extension of time Defendants seek in this Motion.

**WHEREFORE,** Defendants respectfully request that this Court enter an Order: (a) granting Defendants' Motion and extending the time for Defendants to respond to the Complaint by thirty (30) days until and including February 16, 2024; and (b) granting any such further relief as the Court deems necessary and proper.

Date: January 16, 2024.                              Respectfully submitted,

                                                     By: */s/ Samuel B. Edelstein*
                                                         Susan N. Eisenberg
                                                         Florida Bar No. 600393
                                                         seisenberg@cozen.com
                                                         Samuel B. Edelstein
                                                         Florida Bar No. 1025382
                                                         sedelstein@cozen.com
                                                         COZEN O'CONNOR
                                                         200 S. Biscayne Blvd.
                                                         Suite 3000
                                                         Miami, FL 33131
                                                         Telephone: 786-871-3961

2

**Case No.: 2023-0022003-CA-01**

Facsimile: 786-220-5942
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 16, 2024, I served and filed the foregoing document via Florida Court E-filing Portal on Plaintiff's Counsel: Kertch J. Conze, Esq. conze@conzelaw.com.

*/s/ Samuel B. Edelstein*
Samuel B. Edelstein

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-022003-CA-01
SECTION: CA30
JUDGE: Reemberto Diaz

**Geraldine Young**

Plaintiff(s)

vs.

**Ramya Garlapati et al**

Defendant(s)

_____/

## AGREED ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

THIS MATTER having come before this Court upon Defendants, Ramya Garlapati and Ashvin Garlapati's ("Defendants") Motion for Extension of Time to Respond to Complaint (the "Motion"), and the Court being fully advised in the premises and having learned of the Parties' agreement to Defendants' requested extension of time, it is hereby:

ORDERED AND ADJUDGED that:

1. The Motion is hereby GRANTED.

2. The deadline for Defendants to serve a response to the Complaint is hereby extended by thirty (30) days, until and including February 16, 2024.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 16th day of January, 2024.

2023-022003-CA-01 01-16-2024 5:13 PM

2023-022003-CA-01 01-16-2024 5:13 PM
Hon. Reemberto Diaz

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Kertch J Conze, Conze@conzelaw.com
Kertch J Conze, conzelaw@aol.com
Kertch J Conze, alessio@conzelaw.com
Michael Aaron Holt, mholt@fisherphillips.com
Michael Aaron Holt, lsbrown@fisherphillips.com
Samuel Edelstein, sedelstein@cozen.com
Samuel Edelstein, silvanagomez@cozen.com
Sarah Marie Leon, sleon@fisherphillips.com
Sarah Marie Leon, kford@fisherphillips.com
Susan N Eisenberg, seisenberg@cozen.com
Susan N Eisenberg, silvanagomez@cozen.com

**Physically Served:**

Filing # 190870656 E-Filed 01/30/2024 04:21:07 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,                              Case No.: 2023-0022003-CA-01

      Plaintiff,

v.

RAMYA GARLAPATI,
ASHVIN GARLAPATI, and
RT FAMILY, LLC,

      Defendants.

_____/

### <u>NOTICE OF APPEARANCE AND E-MAIL DESIGNATIONS</u>

**PLEASE TAKE NOTICE** that Samuel B. Edelstein, Esquire of the law firm of Cozen O'Connor hereby gives notice of his appearance as counsel for Defendants, Ramya Garlapati and Ashvin Garlapati, in the above styled matter.  All parties are requested to serve copies of all filings, pleadings, correspondence to undersigned counsel, who submit the following e-mail addresses in accordance with Florida Rule of Judicial Administration 2.516.

      Primary:      sedelstein@cozen.com

      Secondary:    silvanagomez@cozen.com

Date: January 30, 2024.          Respectfully submitted,

                      By: */s/ Samuel B. Edelstein*
                      Susan N. Eisenberg
                      Florida Bar No. 600393
                      seisenberg@cozen.com
                      Samuel B. Edelstein
                      Florida Bar No. 1025382
                      sedelstein@cozen.com
                      COZEN O'CONNOR
                      200 S. Biscayne Blvd.
                      Suite 3000
                      Miami, FL 33131
                      Telephone: 786-871-3961
                      Facsimile: 786-220-5942
                      *Counsel for Defendants*

**Case No.: 2023-0022003-CA-01**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 30, 2024, I served and filed the foregoing document via Florida Court E-filing Portal on Plaintiff's Counsel: Kertch J. Conze, Esq. conze@conzelaw.com.

*/s/ Samuel B. Edelstein*
Samuel B. Edelstein

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

            Plaintiff,                Case No.: 2023-0022003-CA-01

v.

RAMYA GARLAPATI, ASHVIN
GARLAPATI, and RT FAMILY, LLC,

            Defendants.

_____/

### DEFENDANTS RAMYA GARLAPATI AND ASHVIN GARLAPATI'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Ramya Garlapati ("Ms. Garlapati") and Ashvin Garlapati ("Mr. Garlapati") (collectively, the "Garlapatis"), through undersigned counsel, hereby submit their Answer and Affirmative Defenses to Plaintiff, Geraldine Young's ("Plaintiff") Complaint. The Garlapatis deny each and every allegation in Plaintiff's Complaint not expressly admitted herein.

### JURISDICTION AND VENUE[1]

1.      The Garlapatis admit that Plaintiff purports to claim damages in excess of $50,000. The Garlapatis deny the remaining allegations in Paragraph 1 of the Complaint, deny any wrongdoing, and deny that Plaintiff is entitled to any relief whatsoever.

2.      The allegations in Paragraph 2 of the Complaint contain a legal conclusion to which no response is required. To the extent a response is required, the Garlapatis deny the same.

---

[1] The headings used by Plaintiff in her Complaint are at times restated in this Answer for purposes of convenience only. The use of any of Plaintiff's headings in this Answer should not be construed against the Garlapatis in any manner and is not an admission of any fault or liability whatsoever on the part of the Garlapatis.

Case No.: 2023-0022003-CA-01

3.      The Garlapatis lack knowledge regarding the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4.      The Garlapatis admit that Ms. Garlapati is over the age of 18 and is otherwise *sui juris*. The Garlapatis deny the remaining allegations in Paragraph 4 of the Complaint.

5.      The Garlapatis admit that Mr. Garlapati is over the age of 18 and is otherwise *sui juris*. The Garlapatis deny the remaining allegations in Paragraph 5 of the Complaint.

6.      The Garlapatis admit that RT FAMILY, LLC is a Florida Limited Liability Company. The Garlapatis deny the remaining allegations in Paragraph 6 of the Complaint.

7.      The Garlapatis lack knowledge regarding the allegations in Paragraph 7 of the Complaint and therefore deny the same.

## GENERAL ALLEGATIONS

8.      The Garlapatis lack knowledge regarding the allegations in Paragraph 8 of the Complaint and therefore deny the same.

9.      The Garlapatis lack knowledge regarding the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10.     Admitted.

11.     Admitted.

12.     The Garlapatis deny the allegations in Paragraph 12 of the Complaint to the extent they conflict or are inconsistent with the employment agreement attached to the Complaint.

13.     The Garlapatis deny the allegations in Paragraph 13 of the Complaint to the extent they conflict or are inconsistent with the employment agreement attached to the Complaint.

14.     The Garlapatis deny the allegations in Paragraph 14 of the Complaint to the extent they conflict or are inconsistent with the employment agreement attached to the Complaint.

2

Case No.: 2023-0022003-CA-01

15.     The Garlapatis deny the allegations in Paragraph 15 of the Complaint to the extent they conflict or are inconsistent with the employment agreement attached to the Complaint.

16.     The Garlapatis lack knowledge regarding the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17.     The Garlapatis deny the allegations in Paragraph 17 of the Complaint to the extent they conflict or are inconsistent with the employment agreement attached to the Complaint.

18.     The Garlapatis lack knowledge regarding the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19.     Admitted.

20.     Denied.

21.     The Garlapatis lack knowledge regarding the allegations in Paragraph 21 of the Complaint and therefore deny the same.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Denied.

26.     The Garlapatis admit they terminated Plaintiff's employment while the Garlapatis and Plaintiff were in Las Vegas. The Garlapatis deny the remaining allegations in Paragraph 26 of the Complaint.

27.     The Garlapatis admit that, upon terminating Plaintiff's employment, they booked and paid for Plaintiff's flight back to Miami, Florida, and cancelled the lodging arrangements in Miami, Florida, which the Garlapatis had reserved for Plaintiff in anticipation of her employment

Case No.: 2023-0022003-CA-01

with the Garlapatis. The Garlapatis deny the remaining allegations in Paragraph 27 of the Complaint.

28.     Denied.

29.     The allegations in Paragraph 29 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the Garlapatis deny the same.

30.     The Garlapatis admit Ms. Garlapati contacted Janelle Forbes to cancel the Airbnb reservation the Garlapatis had reserved in anticipation of Plaintiff's employment with the Garlapatis. The Garlapatis deny the remaining allegations in Paragraph 30 of the Complaint.

31.     Admitted.

32.     Denied.

33.     Admitted.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     The Garlapatis lack knowledge regarding the allegations in Paragraph 40 of the Complaint and therefore deny the same.

41.     Denied.

42.     Denied.

Case No.: 2023-0022003-CA-01

## **COUNT I – FOR RESCISSION OF CONTRACT WITH RT FAMILY**

43.     The Garlapatis neither admit nor deny the allegations in Paragraph 43 of the Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.     The Garlapatis state that no response is required to Paragraph 44 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by Defendant RT FAMILY, LLC ("RT FAMILY") on December 12, 2023.

45.     The Garlapatis state that no response is required to Paragraph 45 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

46.     The Garlapatis state that no response is required to Paragraph 46 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

47.     The Garlapatis state that no response is required to Paragraph 47 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

48.     The Garlapatis state that no response is required to Paragraph 48 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

In response to the unnumbered Wherefore Clause following Paragraph 48 of the Complaint, the Garlapatis state that no response is required to Paragraph 48 of the Complaint

LEGAL\68434325\1

Case No.: 2023-0022003-CA-01

because it is directed to a different Defendant and the relief sought has been agreed to in the Motion to Dismiss filed by RT FAMILY on December 12, 2013.

## <u>COUNT II – FOR BREACH OF CONTRACT BY THE GARLAPATIS</u>

49. The Garlapatis neither admit nor deny the allegations in Paragraph 49 of the Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

50. Admitted.

51. Admitted.

52. Denied.

53. Denied.

In response to the unnumbered Wherefore Clause following Paragraph 53 of the Complaint, the Garlapatis deny any wrongdoing whatsoever and deny that Plaintiff is entitled to any recovery whatsoever.

## <u>COUNT III, IN THE ALTERNATIVE TO COUNTS I AND II – FOR BREACH OF CONTRACT BY RT FAMILY</u>

54. The Garlapatis neither admit nor deny the allegations in Paragraph 54 of the Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

55. The Garlapatis state that no response is required to Paragraph 55 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

56. The Garlapatis state that no response is required to Paragraph 56 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

Case No.: 2023-0022003-CA-01

57.     The Garlapatis state that no response is required to Paragraph 57 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

58.     The Garlapatis state that no response is required to Paragraph 58 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

In response to the unnumbered Wherefore Clause following Paragraph 58 of the Complaint, the Garlapatis state that no response is required to Paragraph 58 of the Complaint because it is directed to a different Defendant.

## COUNT IV – FOR DEFAMATION BY RAMYA GARLAPATI VIA STATEMENT MADE TO JANELLE YOUNG

59.     Ms. Garlapati neither admits nor denies the allegations in Paragraph 59 of the Complaint as the Complaint speaks for itself. Furthermore, Ms. Garlapati restates and incorporates her responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

In response to the unnumbered Wherefore Clause following Paragraph 66 of the Complaint, Ms. Garlapati denies any wrongdoing whatsoever and denies that Plaintiff is entitled to any recovery whatsoever.

7

Case No.: 2023-0022003-CA-01

## <u>COUNT V – FOR DEFAMATION BY RAMYA GARLAPATI VIA STATEMENT MADE TO WESTSIDE NANNIES</u>

67. Ms. Garlapati neither admits nor denies the allegations in Paragraph 67 of the Complaint as the Complaint speaks for itself. Furthermore, Ms. Garlapati restates and incorporates her responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

In response to the unnumbered Wherefore Clause following Paragraph 74 of the Complaint, Ms. Garlapati denies any wrongdoing whatsoever and denies that Plaintiff is entitled to any recovery whatsoever.

## <u>COUNT VI – FOR DEFAMATION BY RAMYA GARLAPATI VIA STATEMENT MADE TO AIRBNB</u>

75. Ms. Garlapati neither admits nor denies the allegations in Paragraph 75 of the Complaint as the Complaint speaks for itself. Furthermore, Ms. Garlapati restates and incorporates her responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

76. In response to Paragraph 76 of the Complaint, Ms. Garlapati admits that she told Airbnb that a tenant had COVID-19 at the suggestion of Janelle Forbes in order to cancel the Airbnb reservation.  Ms. Garlapati denies the remaining allegations contained in Paragraph 76 of the Complaint.

8

Case No.: 2023-0022003-CA-01

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

In response to the unnumbered Wherefore Clause following Paragraph 82 of the Complaint, Ms. Garlapati denies any wrongdoing whatsoever and denies that Plaintiff is entitled to any recovery whatsoever.

## COUNT VII – FOR DEFAMATION PER SE BY RAMYA GARLAPATI VIA STATEMENT MADE TO JANELLE YOUNG

83.     Ms. Garlapati neither admits nor denies the allegations in Paragraph 83 of the Complaint as the Complaint speaks for itself. Furthermore, Ms. Garlapati restates and incorporates her responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

Case No.: 2023-0022003-CA-01

In response to the unnumbered Wherefore Clause following Paragraph 92 of the Complaint, Ms. Garlapati denies any wrongdoing whatsoever and denies that Plaintiff is entitled to any recovery whatsoever.

## COUNT VIII – FOR DEFAMATION PER SE BY RAMYA GARLAPATI VIA STATEMENT MADE TO WESTSIDE NANNIES

93.     Ms. Garlapati neither admits nor denies the allegations in Paragraph 93 of the Complaint as the Complaint speaks for itself. Furthermore, Ms. Garlapati restates and incorporates her responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.     Denied.

101.     Denied.

102.     Denied.

In response to the unnumbered Wherefore Clause following Paragraph 102 of the Complaint, Ms. Garlapati denies any wrongdoing whatsoever and denies that Plaintiff is entitled to any recovery whatsoever.

LEGAL\68434325\1

Case No.: 2023-0022003-CA-01

## COUNT IX – FOR DEFAMATION PER SE BY RAMYA GARLAPATI VIA STATEMENT MADE TO AIRBNB

103.    Ms. Garlapati neither admits nor denies the allegations in Paragraph 103 of the Complaint as the Complaint speaks for itself. Furthermore, Ms. Garlapati restates and incorporates her responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

In response to the unnumbered Wherefore Clause following Paragraph 112 of the Complaint, Ms. Garlapati denies any wrongdoing whatsoever and denies that Plaintiff is entitled to any recovery whatsoever.

## COUNT X – FOR CIVIL CONSPIRACY BY ASHVIN GARLAPATI AND RAMYA GARLAPATI

113.    The Garlapatis neither admit nor deny the allegations in Paragraph 113 of the Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

114.    The allegations in Paragraph 114 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the Garlapatis deny the same.

11

LEGAL\68434325\1

Case No.: 2023-0022003-CA-01

115.    Denied as to Paragraph 115 a.-f.

116.    Denied.

In response to the unnumbered Wherefore Clause following Paragraph 116 of the Complaint, the Garlapatis deny any wrongdoing whatsoever and deny that Plaintiff is entitled to any recovery whatsoever.

## COUNT XI – FOR DEFAMATION BY RT FAMILY LLC VIA STATEMENT MADE TO JANELLE YOUNG

117.    The Garlapatis neither admit nor deny the allegations in Paragraph 117 of the Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

118.    The Garlapatis state that no response is required to Paragraph 118 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

119.    The Garlapatis state that no response is required to Paragraph 119 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

120.    The Garlapatis state that no response is required to Paragraph 120 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

121.    The Garlapatis state that no response is required to Paragraph 121 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

12

Case No.: 2023-0022003-CA-01

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

122.    The Garlapatis state that no response is required to Paragraph 122 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

123.    The Garlapatis state that no response is required to Paragraph 123 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

124.    The Garlapatis state that no response is required to Paragraph 124 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

In response to the unnumbered Wherefore Clause following Paragraph 124 of the Complaint, the Garlapatis state that no response is required to Paragraph 124 of the Complaint because it is directed to a different Defendant. To the extent a response is required, the Garlapatis deny any wrongdoing whatsoever and deny that Plaintiff is entitled to any recovery whatsoever.

## <u>COUNT XII – FOR DEFAMATION BY RT FAMILY LLC VIA STATEMENT MADE TO WESTSIDE NANNIES</u>

125.    The Garlapatis neither admit nor deny the allegations in Paragraph 125 of the Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

Case No.: 2023-0022003-CA-01

126.     The Garlapatis state that no response is required to Paragraph 126 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

127.     The Garlapatis state that no response is required to Paragraph 127 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

128.     The Garlapatis state that no response is required to Paragraph 128 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

129.     The Garlapatis state that no response is required to Paragraph 129 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

130.     The Garlapatis state that no response is required to Paragraph 130 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

131.     The Garlapatis state that no response is required to Paragraph 131 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

LEGAL\68434325\1

Case No.: 2023-0022003-CA-01

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

132.    The Garlapatis state that no response is required to Paragraph 132 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

In response to the unnumbered Wherefore Clause following Paragraph 132 of the Complaint, the Garlapatis state that no response is required to Paragraph 132 of the Complaint because it is directed to a different Defendant. To the extent a response is required, the Garlapatis deny any wrongdoing whatsoever and deny that Plaintiff is entitled to any recovery whatsoever.

## COUNT XIII – FOR DEFAMATION BY RT FAMILY LLC VIA STATEMENT MADE TO AIRBNB

133.    The Garlapatis neither admit nor deny the allegations in Paragraph 133 of the Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

134.    The Garlapatis state that no response is required to Paragraph 134 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

135.    The Garlapatis state that no response is required to Paragraph 135 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

Case No.: 2023-0022003-CA-01

136.    The Garlapatis state that no response is required to Paragraph 136 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

137.    The Garlapatis state that no response is required to Paragraph 137 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

138.    The Garlapatis state that no response is required to Paragraph 138 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

139.    The Garlapatis state that no response is required to Paragraph 139 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

140.    The Garlapatis state that no response is required to Paragraph 140 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

In response to the unnumbered Wherefore Clause following Paragraph 140 of the Complaint, the Garlapatis state that no response is required to Paragraph 140 of the Complaint

Case No.: 2023-0022003-CA-01

because it is directed to a different Defendant. To the extent a response is required, the Garlapatis

deny any wrongdoing whatsoever and deny that Plaintiff is entitled to any recovery whatsoever.

## <u>COUNT XIV – FOR DEFAMATION PER SE BY RT FAMILY LLC VIA STATEMENT MADE TO JANELLE YOUNG</u>

141.    The Garlapatis neither admit nor deny the allegations in Paragraph 141 of the Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

142.    The Garlapatis state that no response is required to Paragraph 142 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

143.    The Garlapatis state that no response is required to Paragraph 143 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

144.    The Garlapatis state that no response is required to Paragraph 144 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

145.    The Garlapatis state that no response is required to Paragraph 145 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

Case No.: 2023-0022003-CA-01

146.    The Garlapatis state that no response is required to Paragraph 146 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

147.    The Garlapatis state that no response is required to Paragraph 147 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

148.    The Garlapatis state that no response is required to Paragraph 148 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

149.    The Garlapatis state that no response is required to Paragraph 149 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

150.    The Garlapatis state that no response is required to Paragraph 150 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

In response to the unnumbered Wherefore Clause following Paragraph 150 of the Complaint, the Garlapatis state that no response is required to Paragraph 150 of the Complaint

Case No.: 2023-0022003-CA-01

because it is directed to a different Defendant. To the extent a response is required, the Garlapatis

deny any wrongdoing whatsoever and deny that Plaintiff is entitled to any recovery whatsoever.

## COUNT XV – FOR DEFAMATION PER SE BY RT FAMILY LLC VIA STATEMENT MADE TO WESTSIDE NANNIES

151.    The Garlapatis neither admit nor deny the allegations in Paragraph 151 of the

Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate

their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

152.    The Garlapatis state that no response is required to Paragraph 152 of the Complaint

because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent

a response is required, the Garlapatis deny the same.

153.    The Garlapatis state that no response is required to Paragraph 153 of the Complaint

because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent

a response is required, the Garlapatis deny the same.

154.    The Garlapatis state that no response is required to Paragraph 154 of the Complaint

because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent

a response is required, the Garlapatis deny the same.

155.    The Garlapatis state that no response is required to Paragraph 155 of the Complaint

because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent

a response is required, the Garlapatis deny the same.

Case No.: 2023-0022003-CA-01

156.    The Garlapatis state that no response is required to Paragraph 156 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

157.    The Garlapatis state that no response is required to Paragraph 157 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

158.    The Garlapatis state that no response is required to Paragraph 158 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

159.    The Garlapatis state that no response is required to Paragraph 159 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

160.    The Garlapatis state that no response is required to Paragraph 160 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

In response to the unnumbered Wherefore Clause following Paragraph 160 of the Complaint, the Garlapatis state that no response is required to Paragraph 160 of the Complaint

Case No.: 2023-0022003-CA-01

because it is directed to a different Defendant. To the extent a response is required, the Garlapatis

deny any wrongdoing whatsoever and deny that Plaintiff is entitled to any recovery whatsoever.

## <u>COUNT XVI – FOR DEFAMATION PER SE BY RT FAMILY LLC VIA STATEMENT MADE TO AIRBNB</u>

161.    The Garlapatis neither admit nor deny the allegations in Paragraph 161 of the

Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate

their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

162.    The Garlapatis state that no response is required to Paragraph 162 of the Complaint

because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent

a response is required, the Garlapatis deny the same.

163.    The Garlapatis state that no response is required to Paragraph 163 of the Complaint

because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent

a response is required, the Garlapatis deny the same.

164.    The Garlapatis state that no response is required to Paragraph 164 of the Complaint

because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent

a response is required, the Garlapatis deny the same.

165.    The Garlapatis state that no response is required to Paragraph 165 of the Complaint

because (1) the allegations are directed to a different Defendant; and (2) the allegations are the

subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent

a response is required, the Garlapatis deny the same.

LEGAL\68434325\1

Case No.: 2023-0022003-CA-01

166.    The Garlapatis state that no response is required to Paragraph 166 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

167.    The Garlapatis state that no response is required to Paragraph 167 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

168.    The Garlapatis state that no response is required to Paragraph 168 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

169.    The Garlapatis state that no response is required to Paragraph 169 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

170.    The Garlapatis state that no response is required to Paragraph 170 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023. To the extent a response is required, the Garlapatis deny the same.

In response to the unnumbered Wherefore Clause following Paragraph 170 of the Complaint, the Garlapatis state that no response is required to Paragraph 170 of the Complaint

Case No.: 2023-0022003-CA-01

because it is directed to a different Defendant. To the extent a response is required, the Garlapatis deny any wrongdoing whatsoever and deny that Plaintiff is entitled to any recovery whatsoever.

## <u>COUNT XVII – FOR RESCISSION OF SECOND EMPLOYMENT AGREEMENT DUE TO DURESS AND UNCONSCIONABILITY</u>

171.    The Garlapatis neither admit nor deny the allegations in Paragraph 171 of the Complaint as the Complaint speaks for itself. Furthermore, the Garlapatis restate and incorporate their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

172.    The Garlapatis state that no response is required to Paragraph 172 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

173.    The Garlapatis state that no response is required to Paragraph 173 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

174.    The Garlapatis state that no response is required to Paragraph 174 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

175.    The Garlapatis state that no response is required to Paragraph 175 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

176.    The Garlapatis state that no response is required to Paragraph 178 of the Complaint because (1) the allegations are directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023.

177.    The allegations in Paragraph 177 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the Garlapatis deny the same.

Case No.: 2023-0022003-CA-01

In response to the unnumbered WHEREFORE clause, no response is required because (1) the relief sought is directed to a different Defendant; and (2) the allegations are the subject of a pending Motion to Dismiss filed by RT FAMILY on December 12, 2023

## DEMAND FOR JURY TRIAL

In response to the jury trial demand, the Garlapatis admit that Plaintiff demands trial by jury of all issues so triable, but deny there are any issues so triable.

## AFFIRMATIVE DEFENSES

1.     The Garlapatis' alleged conduct is protected by the doctrine of qualified privilege.

2.     Plaintiff's claims are barred, in whole or in part, based on the doctrine of unclean hands.

3.     Plaintiff's alleged damages are due, in whole or in part, to her own actions, inactions, or fault.

4.     Plaintiff's claims are barred, in whole or in part, because Plaintiff breached the employment agreement she entered into with the Garlapatis prior to the Garlapatis' alleged conduct, thus excusing further performance by the Garlapatis.

5.     Plaintiff's claims are barred, in whole or in part, or her recovery, if any, must be reduced by the amounts she did or could have reduced or avoided any damage through reasonable efforts to do so.

6.     The Garlapatis reserve the right to raise any additional affirmative defenses as discovery may reveal.

**WHEREFORE**, having answered Plaintiff's Complaint herein, and having raised affirmative defenses thereto, the Garlapatis respectfully request that the Court enter an Order: (a) dismissing Plaintiff's Complaint with prejudice; and (b) awarding the Garlapatis any and all relief

24

Case No.: 2023-0022003-CA-01

permitted under any and all applicable law, including, but not limited to, any and all relief the Court deems just and proper.

Dated: February 16, 2024                    Respectfully submitted,

                                            **COZEN O'CONNOR**

                                            By: */s/ Susan N. Eisenberg*
                                                Susan N. Eisenberg
                                                Florida Bar No. 600393
                                                seisenberg@cozen.com
                                                Samuel B. Edelstein
                                                Florida Bar No. 1025382
                                                sedelstein@cozen.com
                                                COZEN O'CONNOR
                                                200 S. Biscayne Blvd.
                                                Suite 3000
                                                Miami, FL 33131
                                                Telephone: 786-871-3961
                                                Facsimile: 786-220-5942

                                                *Counsel for Defendants, Ramya*
                                                *Garlapati and Ashvin Garlapati*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day February, 2024, a true and correct copy of the foregoing was filed and served via the Court's e-Filing Portal and in accordance with the Florida Rules of Civil Procedure on all Counsel of Record.

                                            */s/ Susan N. Eisenberg*
                                            Susan N. Eisenberg

25

Filing # 192559063 E-Filed 02/22/2024 05:32:02 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-022003-CA-01
SECTION: CA30
JUDGE: Reemberto Diaz

**Geraldine Young**

Plaintiff(s)

vs.

**Ramya Garlapati et al**

Defendant(s)

_____/

<u>**AGREED ORDER GRANTING DEFENDANT RT FAMILY, LLC'S MOTION TO DISMISS COMPLAINT**</u>

THIS MATTER having come before this Court upon Defendant, RT FAMILY, LLC's Motion to Dismiss Complaint (the "Motion"), and the Court being fully advised in the premises and having learned of the Parties' agreement to Defendant's requested relief in the Motion, it is hereby:

ORDERED AND ADJUDGED that:

1. The Motion is hereby GRANTED.

2. The contract between Geraldine Young and RT Family, LLC (referred to in the Complaint as the "Second Agreement") is rescinded and the operative contract for purposes of this litigation is the original contract between Geraldine Young and Ramya Garlapati and Ashvin Garlapati (referred to in the Complaint as the "First Agreement").

3. Count I of the Complaint against RT FAMILY, LLC is hereby dismissed with prejudice.

4. Counts III, and XI through XVII of the Complaint against RT FAMILY, LLC are hereby dismissed without prejudice.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>22nd day of February, 2024</u>.

<u>2023-022003-CA-01 02-22-2024 5:16 PM</u>
Hon. Reemberto Diaz

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Kertch J Conze, Conze@conzelaw.com
Kertch J Conze, conzelaw@aol.com
Kertch J Conze, alessio@conzelaw.com
Michael Aaron Holt, mholt@fisherphillips.com
Michael Aaron Holt, lsbrown@fisherphillips.com
Samuel Edelstein, sedelstein@cozen.com
Samuel Edelstein, silvanagomez@cozen.com
Sarah Marie Leon, sleon@fisherphillips.com
Sarah Marie Leon, kford@fisherphillips.com
Susan N Eisenberg, seisenberg@cozen.com
Susan N Eisenberg, silvanagomez@cozen.com

**Physically Served:**

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-022003-CA-01
SECTION: CA30
JUDGE: Reemberto Diaz

**Geraldine Young**

Plaintiff(s)

vs.

**Ramya Garlapati et al**

Defendant(s)

_____/

<u>**AGREED ORDER GRANTING JOINT MOTION TO EXTEND CASE MANAGEMENT
DEADLINES**</u>

THIS MATTER having come before this Court upon the Parties' Joint Motion to Extend

Case Management Deadlines (the "Motion") and the Court being fully advised in the premises and

having learned of the Parties' agreement to same, it is hereby:

ORDERED AND ADJUDGED that:

1. The Motion is hereby GRANTED.

2. The Case Management Deadlines are extended in accordance with the Proposed Case
   Management Deadlines attached to the Motion.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>26th day of February,
2024</u>.

2023-022003-CA-01 02-26-2024 1:38 PM
Hon. Reemberto Diaz

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Kertch J Conze, Conze@conzelaw.com
Kertch J Conze, conzelaw@aol.com
Kertch J Conze, alessio@conzelaw.com
Michael Aaron Holt, mholt@fisherphillips.com
Michael Aaron Holt, lsbrown@fisherphillips.com
Samuel Edelstein, sedelstein@cozen.com
Samuel Edelstein, silvanagomez@cozen.com
Sarah Marie Leon, sleon@fisherphillips.com
Sarah Marie Leon, kford@fisherphillips.com
Susan N Eisenberg, seisenberg@cozen.com
Susan N Eisenberg, silvanagomez@cozen.com

**Physically Served:**

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GERALDINE YOUNG,

          Plaintiff,               Case No.: 2023-0022003-CA-01

v.

RAMYA GARLAPATI, ASHVIN
GARLAPATI, and RT FAMILY, LLC,

          Defendants.
_____/

### JOINT MOTION TO EXTEND CASE MANAGEMENT DEADLINES

     Plaintiff, Geraldine Young ("Plaintiff") and Defendants, Ramya Garlapati and Ashvin

Garlapati (collectively, the "Garlapatis")[1] (together, Plaintiff and Defendants are the "Parties"),

through their undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.090, hereby

jointly move for an extension of the current case management deadlines outlined in the Court's

Case Management Order dated October 30, 2023, and as grounds therefore state as follows:

     1.     On August 25, 2023, Plaintiff filed a Complaint asserting claims for rescission of

contract, breach of contract, defamation, and civil conspiracy.

     2.     Prior to service on the Garlapatis, on October 30, 2023, the Court issued its Case

Management Order outlining pertinent case management deadlines (the "Case Management

Deadlines").

     3.     A copy of the Complaint was served on the Garlapatis on December 28, 2023.

     4.     The Garlapatis' deadline to respond to the Complaint was extended to February 16,

2024, at which time the Garlapatis filed their Answer and Affirmative Defenses to Plaintiff's

Complaint.

---

[1] Defendant RT Family, LLC was dismissed from this action on February 22, 2024.

5.      Pursuant to Florida Rule of Civil Procedure 1.090(b)(1)(b), where a request is made after the expiration of the period originally prescribed, a court may extend a deadline where the request is made upon a showing of cause and upon a showing that the failure to act was the result of excusable neglect. *See* Fla. R. Civ. P. 1.090(b)(1)(b).

6.      Here, the Case Management Deadlines for (1) Propounding Requests for Production, Requests to Admit, and Interrogatories is January 11, 2024; and (2) Submitting Witness and Exhibit Lists is February 15, 2024, and therefore both deadlines have expired.

7.      Cause and excusable neglect exist to extend the Case Management Deadline for (1) Propounding Requests for Production, Requests to Admit, and Interrogatories; and (2) Submitting Witness and Exhibit Lists.

8.      Specifically, regarding the deadline for Propounding Requests for Production, Requests to Admit, and Interrogatories, the Garlapatis were not provided with the Case Management Order, but had learned of it after this particular deadline passed through a conversation with Plaintiff's counsel. As such, the Garlapatis did not learn of this particular deadline until it had passed. It would have also been unproductive for the Garlapatis to comply with this deadline and propound written discovery having not yet responded to the Complaint at the time this particular deadline had passed.

9.      Additionally, the Garlapatis' deadline to respond to the Complaint was extended to February 16, 2024, which was *after* the deadline for Submitting Witness and Exhibit Lists. It would therefore have been similarly unproductive for the Garlapatis to comply with this deadline and submit witness and exhibit lists having not yet responded to the Complaint at the time this particular deadline had passed.

LEGAL\68514673\1

10.     Continuing, pursuant to Florida Rule of Civil Procedure 1.090(b)(1)(a), a court may also extend a deadline where the request is made upon a showing of cause, and before the expiration of the period originally prescribed. *See* Fla. R. Civ. P. 1.090(b)(1)(a).

11.     Here, cause exists to extend the remaining Case Management Deadlines scheduled on or between February 25, 2024, and July 7, 2024. The Garlapatis only recently filed their response to Plaintiff's Complaint, and the Parties therefore require additional time to begin complying with the subsequent Case Management Deadlines. Importantly, this request to extend the remaining Case Management Deadlines is made before the expiration of those periods originally prescribed between February 25, 2024, and July 7, 2024. *See* Fla. R. Civ. P. 1.090(b)(1)(a) (providing that a court may extend a deadline where the request is made upon a showing of cause, and before the expiration of the period originally prescribed).

12.     Accordingly, the Parties respectfully request an extension of all Case Management Deadlines, as outlined in the Proposed Amended Case Management Deadlines attached hereto as **Exhibit A**.

13.     This Motion is made in good faith and is not intended to unreasonably delay this case. No party will be prejudiced by the extensions sought in this Motion.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order: (a) granting their Joint Motion to Extend Case Management Deadlines, and extending all Case Management Deadlines as outlined in the Proposed Amended Case Management Deadlines attached hereto as **Exhibit A**; and (b) granting any such further relief as the Court deems necessary and proper.

Dated: February 26, 2024                    Respectfully submitted,

                                            **COZEN O'CONNOR**

                                            */s/ Susan N. Eisenberg*
                                            Susan N. Eisenberg

Florida Bar No. 600393
seisenberg@cozen.com
Samuel B. Edelstein
Florida Bar No. 1025382
sedelstein@cozen.com
COZEN O'CONNOR
200 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Telephone: 786-871-3961
Facsimile: 786-220-5942
*Attorneys for Defendants*

**Law Offices of Kertch Conze, P.A.**

*/s/ Kertch J. Conze*
Kertch J. Conze, Esquire
Florida Bar No. 233020
conze@conzelaw.com
3600 Red Road, Suite 402
Miramar, FL 33025
Telephone: 954-342-9044
Facsimile: 954-342-9208
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 26th day of February 2024, a true and correct copy of the foregoing was filed with the Clerk of Miami Dade County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to all the parties registered with the e-Filing Portal system in the instant matter.

*/s/ Susan N. Eisenberg*
Susan N. Eisenberg

LEGAL\68514673\1

# EXHIBIT A

# EXHIBIT A

### "PROPOSED AMENDED CASE MANAGEMENT DEADLINES"

| DEADLINE OR EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories | January 11, 2024 | April 11, 2024 |
| Deadline for Witness and Exhibit List, including known experts | February 15, 2024 | May 15, 2024 |
| Deadline for Initial Scheduling and Setting Depositions | February 25, 2024 | May 25, 2024 |
| Deadline for Adding Parties | March 27, 2024 | June 27, 2024 |
| Deadline for Inspections/Examinations | April 11, 2024 | July 11, 2024 |
| Deadline for Expert Disclosure | May 1, 2024 | August 1, 2024 |
| Deadline for Discovery Completion (Including Depositions) | May 31, 2024 | September 30, 2024 |
| Deadline for Final Witness and Exhibit List | May 31, 2024 | October 15, 2024 |
| Deadline for Dispositive Motions | May 31, 2024 | November 29, 2024 |
| Deadline for Pretrial Motions and Jury Instructions/Daubert | June 10, 2024 | December 27, 2024 |
| Deadline for ADR/Mediation | June 10, 2024 | September 10, 2024 |
| Trial Ready Deadline | July 10, 2024 | January 10, 2025 |